Entered on Docket
June 08, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: June 08, 2007

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 05-49371-J |
| TELOGY, INC., | (Jointly administered with Case No. 05-49372-J) |
| Debtor. / | |
| TELOGY, INC., | Adv. No. 06-4237 AJ |
| Plaintiff, | |
| vs. | |
| SHANGHAI TAILAIJI ELECTRONIC EQUIPMENT CO., | |
| Defendant. / | |

MEMORANDUM RE MOTION TO VACATE ORDER OF DISMISSAL

Plaintiff failed to appear at the status conference set for May 21, 2007. As a consequence, the court ruled that this adversary proceeding would be dismissed for lack of prosecution. On May 22, 2007, plaintiff filed a motion for relief from that ruling.

At the hearing thereon, the court expressed doubts for various reasons as to whether plaintiff could prevail on the merits, and

Memorandum re: Motion to Vacate Order of Dismissal

questioned whether reinstatement was appropriate in view thereof. See In re Hammer, 940 F.2d 524 (9th Cir. 1991) (holding that a trial court has discretion to deny a defendant's motion for relief from a final judgment pursuant to Fed. R. Civ. Pro. 60(b) if the defendant fails to show that he or she has a meritorious defense).

However, plaintiff argues, persuasively, that the foregoing rule does not apply in a situation where the court has ordered a case dismissed for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)[1] merely because of a plaintiff's failure to appear at a status conference. In addition, the case is relatively new and a less drastic sanction is available. See Tolbert v. Leighton, 623 F.2d 585 (9th Cir. 1980). Here, all of the foregoing circumstances are present.[2] Moreover, plaintiff acted promptly to seek reinstatement, and counsel's failure to appear was inadvertent rather than an intentional disregard of counsel's responsibilities.

Under these circumstances, reinstatement of the action is appropriate.

Defendant argues that the contract at issue, which plaintiff seeks to avoid pursuant to Bankruptcy Code § 549(a) (unauthorized postpetition transfer), contains an arbitration clause. Therefore,

---

[1] Fed. R. Civ. Pro. 41(b) applies in bankruptcy cases pursuant to Fed. R. Bankr. Pro. 7041.

[2] With reference to sanctions, plaintiff's counsel has offered to compensate defendant for any out-of-pocket loss it incurred as the proximate result of the non-appearance.

Memorandum re: Motion to Vacate Order of Dismissal

2

argues defendant, the court should decline to reinstate the case, but allow plaintiff to submit its claims to arbitration.

The court rejects this argument. The issue of reinstatement is separate from the issue of the appropriate forum: if the bankruptcy court is the appropriate forum, it remains such notwithstanding plaintiff's failure to appear at the status conference. Moreover, no motion to compel arbitration is pending.[3]

For the foregoing reasons, the court will issue its order vacating the order of dismissal.

***END OF ORDER***

---

[3] Even so, the court will take the liberty of noting that although defendant is correct when it asserts that there is a federal policy favoring arbitration, See Shearson/American Express v. McMahon, 482 U.S. 220 (1987), such policy is inapplicable to core proceedings under 28 U.S.C. § 157(b)(2). Hays and Co. v. Merrill Lynch, 885 F.2d 1149, 1152-56 (3rd Cir. 1989); In re Gandy, 299 F.3d 489, 495 (5th Cir. 2002). See also In re Gurga, 176 B.R. 196, 198-200 (9th Cir. BAP 1994).

Memorandum re: Motion to Vacate Order of Dismissal
3

Case: 06-04237   Doc# 34   Filed: 06/08/07   Entered: 06/08/07 16:46:27   Page 3 of 4

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | James K. T. Hunter, Esq. |
|   | Pachulski Stang Ziehl Young |
| 3 | Jones & Weintraub LLP |
|   | 150 California Street, 15th Floor |
| 4 | San Francisco, CA 94111-4500 |
| 5 | James Cai, Esq. |
|   | Schein & Cai LLP |
| 6 | 100 Century Center Court, Suite 315 |
|   | San Jose, CA 95112 |
| 7 | |
|   | Robert L. Eisenbach III, Esq. |
| 8 | Cooley Godward Kronish LLP |
|   | 101 California Street, 5th Floor |
| 9 | San Francisco, CA 94111-5800 |

Memorandum re: Motion to Vacate Order of Dismissal

4